IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MEAGAN R. BROWN, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 3:23-cv-530 (SLS) |
| ) | |
| WAL-MART STORES EAST, LP, d/b/a ) | |
| WALMART SUPERSTORE, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Wal-Mart Stores East, LP's ("Walmart") partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss" or "Motion"). (ECF No. 18.) In the Motion and accompanying memorandum in support, Walmart moves to dismiss Plaintiff's claims with prejudice to the extent they are premised on negligent training or negligent supervision. (ECF Nos. 18, 19.) Plaintiff Meagan R. Brown failed to file a response to the Motion, and the time in which to do so has expired.[1] The Motion is ripe for disposition. The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J). The Court exercises jurisdiction with the consent of the

---

[1] According to Local Civil Rule 7(F)(1), "[u]nless otherwise directed by the Court, the opposing party shall file a response brief and such supporting documents as are appropriate, within fourteen (14) calendar days after service of the Motion." E.D. Va. Loc. Civ. R. 7(F)(1). Because Walmart filed the Motion on November 3, 2023, Plaintiff's response was due on November 17, 2023. Plaintiff has neither filed an opposition brief nor sought an extension of time in which to do so. Thus, the Court will rule based only on Walmart's Motion and supporting memorandum. (ECF Nos. 18, 19.)

parties pursuant to 28 U.S.C. § 636(c)(1) (ECF Nos. 7, 8) and pursuant to 28 U.S.C. § 1332.[2] Having considered Walmart's Motion, and for the reasons set forth below, the Court will GRANT Walmart's Motion to Dismiss Plaintiff's claims with prejudice to the extent they are based on negligent training or negligent supervision.

## I. FACTUAL BACKGROUND[3] AND PROCEDURAL HISTORY

On November 29, 2021, Plaintiff was an invitee of a Walmart store located at 1504 N. Parham Road, Richmond, Virginia 23229. (ECF No. 1-1, ¶ 1.) While at the store, she "was walking down an aisle in the toy section…when a Walmart employee stocking the shelves on the adjacent aisle pushed a large box over the top shelf causing it to fall onto Plaintiff, striking her in the head." (ECF No. 1-1, ¶ 6.) Plaintiff alleges she sustained serious physical injuries as a result. (ECF No. 1-1, ¶ 6.)

On July 24, 2023, Plaintiff filed a Complaint in the Virginia Circuit Court for the County of Henrico. (ECF No. 1, ¶ 1; ECF No. 1-1.) Plaintiff's Complaint alleges that: (1) Walmart "knew or should have known that placing objects on a high shelf could be hazardous to others and should use caution" when doing so; (2) Walmart is "vicariously liable for the negligent actions of its employee[]"; (3) Walmart "owed Plaintiff the duty to use the highest degree of practical care for the safety of its invitees"; and (4) Walmart breached this duty. (ECF No. 1-1 ¶¶ 7-10.) Plaintiff also asserts that Walmart "had a duty to train, manage, and oversee their employees, to ensure they do not cause harm to Walmart's invitees" and that Walmart "breached its duty and was negligent in failing to train, supervise and manage [its] employees to ensure they properly place boxes on a

---

[2] The parties are diverse and the amount in controversy exceeds $75,000.
[3] For purposes of ruling on the Motion to Dismiss, the Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to [Plaintiff]." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

high shelf when invitees are present." (ECF No. 1-1, ¶¶ 11-12.)  Plaintiff contends she suffered serious injuries as a "direct and proximate cause of the careless, negligent and reckless conduct of Defendant, by and through [its] agents, servants, and employees" and seeks damages in the amount of $470,000.  (ECF No. 1-1, ¶ 13 and p. 3.)

On August 16, 2023, Walmart responded to Plaintiff's Complaint by filing both a Demurrer and an Answer in state court.  (ECF Nos. 1-2, 1-3.)  Its Demurrer sought dismissal with prejudice of any negligent training or negligent supervision claims asserted by Plaintiff.  (ECF No. 1-2, ¶¶ 7, 8.)  On August 18, 2023, Walmart removed the case to this Court.

On November 1, 2023, the Court denied Walmart's Demurrer without prejudice.  (ECF No. 12.)  The Court ordered Walmart to file any motion to dismiss for failure to state a claim in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court within eleven days if it wished to pursue dismissal of any of Plaintiff's claims.  (ECF No. 12.)

On November 3, 2023, Walmart filed the Motion to Dismiss presently before the Court. (ECF No. 18.)  Walmart argues that Virginia law does not recognize a separate cause of action for negligent training or negligent supervision.  (ECF No. 19, at 2.)  To the extent Plaintiff asserts such claims for negligent training or negligent supervision, Walmart moves for their dismissal with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 19, at 2.)

## II.   STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C.*, 980 F.2d at 952 (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  To survive Rule 12(b)(6) scrutiny, a

complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193. The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676-79; *see also Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff'") (quoting *Philips v. Pitt Cnty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

#### A. <u>Plaintiff Fails to State a Claim for Negligent Training under Virginia Law</u>

Plaintiff alleges that Walmart "had a duty to train . . . [its] employees, to ensure they do not cause harm to Walmart's invitees" and that Walmart "was negligent in failing to train…[its] employees to ensure they properly place boxes on a high shelf when invitees are present." (ECF No. 1-1, ¶¶ 11, 12.) Walmart argues this claim should be dismissed because "Virginia courts have declined to recognize a cause of action for negligent training." (ECF No. 19, at 2.) The Court agrees.

Because this matter comes before the Court on the basis of diversity of citizenship under 28 U.S.C. § 1332, the substantive law of Virginia applies, and Virginia law governs the resolution of Plaintiff's claims premised on state law. *Meagaro v. McCollum*, 66 F.4th 151, 159 n.4 (4th Cir. 2023) ("A federal court sitting in diversity applies the substantive law of the state in which it sits."). Virginia courts do not recognize an independent tort of negligent training. *Morgan v. Wal-Mart Stores E., LP*, No. 3:10CV669-HEH, 2010 WL 4394096, at *4 (E.D. Va. Nov. 1, 2010) ("[T]his Court is not aware of any case from the Supreme Court of Virginia or lower courts that recognizes the distinct tort of negligent training."); *see also Warner v. Centra Health Inc.*, 503 F. Supp. 3d 479, 500 (W.D. Va. 2020) ("Plaintiff tries to bring a negligence claim based on negligent training and supervision under Virginia common law. However, such a cause of action does not exist under Virginia common law."); *Parrish v. Am. Airlines, Inc.*, 97 Va. Cir. 271, 277 (2017) ("Similarly, the Court is not aware of any authority recognizing negligent training in Virginia, and a number of Virginia courts have declined to recognize negligent training in cases in which the cause of action was proposed."); *McDonald v. Betsinger*, No. 7:15-CV-00477, 2016 WL 958737, at *3 (W.D. Va. Mar. 8, 2016) ("As an initial matter, the court declines to recognize a cause of action

for negligent training as such cause of action has not been clearly established in Virginia."). This Court too declines to recognize a cause of action for negligent training when no authority for doing so exists under Virginia law.

Therefore, the Court will GRANT Walmart's Motion to Dismiss Plaintiff's claims to the extent they assert an independent cause of action based on negligent training.

### B. **Plaintiff Fails to State a Claim for Negligent Supervision under Virginia Law**

Plaintiff further alleges that Walmart "had a duty to . . . manage, and oversee [its] employees, to ensure they do not cause harm to Walmart's invitees" and that Walmart "was negligent in failing to supervise…[its] employees to ensure they properly place boxes on a high shelf when invitees are present." (ECF No. 1-1, ¶¶ 11, 12.) Similar to the negligent training claim, Walmart argues that "Virginia does not recognize a cause of action for negligent supervision." (ECF No. 19, at 2.) The Court, again, agrees.

Virginia courts have declined to recognize the distinct tort of negligent supervision. *McDonald*, 2016 WL 958737, at *3 ("negligent supervision is not recognized as a cause of action under Virginia law"); *Parrish*, 97 Va. Cir. at 277 ("It has been repeatedly concluded that Virginia courts do not recognize a claim of negligent supervision."); *Warner*, 503 F. Supp. 3d at 500 (same); *Chesapeake & Potomac Tel. Co. of Virginia v. Dowdy*, 235 Va. 55, 61, 365 S.E.2d 751, 754 (1988) (same); *Morgan*, 2010 WL 4394096, at *4 (same). Similarly, this Court will not recognize an independent cause of action for negligent supervision when no authority for doing so exists under Virginia law.

Therefore, the Court will GRANT Walmart's Motion to Dismiss Plaintiff's claims to the extent they assert an independent cause of action based on negligent supervision.

## IV.     CONCLUSION

For the reasons set forth above, the Court will GRANT Walmart's partial Motion to Dismiss, thereby dismissing Plaintiff's claims with prejudice to the extent they are based on an independent cause of action for negligent training or negligent supervision. An appropriate Order will accompany this Memorandum Opinion.

/s/
Summer L. Speight
United States Magistrate Judge

Richmond, Virginia
Date: December 1, 2023